**WILLIAM C. CARPENTER JR.,**
Oregon State Bar # 90045
wcarpenter@igc.org
Attorney at Law
474 Willamette St. Suite 303
Eugene, Oregon 97401
(541) 484-4436
Fax (541)683-1346
Attorney for Plaintiffs

FILED'09 DEC 17 12:00USDC-ORP

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

MICHAEL HOWARD, SAMANTHA KOSSA,
ORA HOOPER, AND JEANNA FUEHRER
on behalf of themselves and all others similarly situated,

CV '09 - 1477 - MO

Cv. No.

**CLASS ACTION
ALLEGATION
COMPLAINT
DEMAND FOR JURY
TRIAL**

Plaintiffs,

v.

DIRECT RESPONSE MEDIA GROUP, INC., dba AKA DIRECT,
AMAN ENTERPRISES, INC., ARCHWAYS SYSTEMS, INC.,
BILYEU-MILLER INSURANCE, LLC,
COMMERCIAL INFORMATION SYSTEMS, LLC.,
COMPUTER CHECK VERIFICATION "CCV",
CREDIT INTERNATIONAL CORP., CRIMINAL INFORMATION
SERVICES, INC., CRIS INC., OREGON CREDIT SYSTEMS, INC.,
OREGONIAN PUBLISHING CO., PROFESSIONAL CREDIT
SERVICES, INC., STUDIO K LTD., and
WESTERN MERCANTILE AGENCY, INCORPORATED,

Defendants.

# 30447

## CLASS ACTION ALLEGATION COMPLAINT

Plaintiffs, MICHAEL HOWARD, SAMANTHA KOSSA, ORA HOOPER, AND JEANNA FUEHRER, on behalf of themselves and all others similarly situated, sue Defendants, DIRECT RESPONSE MEDIA GROUP, INC. dba AKA DIRECT, AMAN ENTERPRISES, INC., ARCHWAYS SYSTEMS, INC., BILYEU-MILLER INSURANCE, LLC, COMMERCIAL INFORMATION SYSTEMS, LLC, COMPUTER CHECK VERIFICATION "CCV", CREDIT INTERNATIONAL CORP., CRIMINAL INFORMATION SERVICES, INC., CRIS, INC., OREGON CREDIT SYSTEMS, INC., OREGONIAN PUBLISHING CO., PROFESSIONAL CREDIT SERVICES, INC., STUDIO K LTD., WESTERN MERCANTILE AGENCY, INCORPORATED, (collectively, "Defendants") and state:

1. This is a class action pursuant to the Driver Privacy Protection Act, 18 U.S.C. §2721 et seq. (the "DPPA"). Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals whose "personal information" is contained in any "motor vehicle record" maintained by the State of Oregon, within the meaning of the DPPA, 18 U.S.C. §2725(1) and (3), who have not provided "express consent," within the meaning of the DPPA, 18 U.S.C. §2725(5) to the State of Oregon for the distribution of their "personal information" for purposes not enumerated by the DPPA, 18 U.S.C. §2721(b), and whose "personal information" has been knowingly "obtain[ed]" and used by the Defendants within the meaning of the DPPA, 18 U.S.C. §2724.

## I.

## PARTIES

2.      Plaintiff MICHAEL HOWARD is a resident of Portland, Oregon and holder of a Oregon driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Oregon, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Oregon driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

3.      Plaintiff SAMANTHA KOSSA is a resident of Wilsonville, Oregon and holder of a Oregon driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Oregon, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Oregon driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

4.      Plaintiff ORA HOPPER is a resident of Tampa, Florida and holder of a Oregon driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Oregon, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Oregon driver's license, motor vehicle title and motor vehicle

registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

5. Plaintiff JEANNA FUEHRER is a resident of Lakeland, Florida and holder of a Oregon driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Oregon, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Oregon driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

6. Defendant DIRECT RESPONSE MEDIA GROUP, INC., dba AKA DIRECT, is an Oregon corporation with its principal place of business at 19217 SW 19th Ave., Tualatin, OR 97062, and which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Tamson L. Leachman, 815 SW 6th Ave., Portland, OR 97204.

7. Defendant AMAN ENTERPRISES, INC. is an Oregon Corporation with its principal place of business at 19217 SW 19th Ave., Tualatin, OR 97062 at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Walter L. Aman, P.O. Box 2990, Tualatin, OR 97062.

8. Defendant ARCHWAY SYSTEMS, INC. is an Oregon Corporation with its principal place of business at 12450 NE Marx Street, Portland, Oregon 97230, at all times

material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, William D. Haase, 12450 NE Marx Street, Portland, Oregon 97230.

9.  Defendant BILYEU-MILLER INSURANCE AGENCY, LLC is an Oregon Limited Liability Company with its principal place of business at 83010 Hungry Hill Road, Creswell, OR 97426 which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Angela Bilyeu, 685 Murin Street, Eugene, OR 97402.

10.  Defendant COMMERICAL INFORMATION SYSTEMS, LLC is an Oregon Limited Liability Company with its principal place of business at 4747 SW Kelly, Suite 110, Portland, Oregon 97201, and which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Russ Clark, 4747 SW Kelly, Suite 110, Portland, Oregon 97201.

11.  Defendant COMPUTER CHECK VERFICATION "CCV", is a foreign corporation with its principal place of business at 10413 Beardslee Blvd., Suite 2, Bothell, WA 98011, and which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Ron Munroe, P.O. Box 1268, Bothell, WA 98041.

12.  Defendant CREDIT INTERNATIONAL CORPORATION is a foreign corporation with its principal place of business at 10413 Beardslee Blvd., Suite 2, Bothell, WA 98011, which at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, CT Corporation System, 388 State St., Suite 420, Salem, OR 97301.

13. Defendant CRIMINAL INFORMATION SERVICES, INC. is an Oregon corporation with its principal place of business at P.O. Box 7235, Aloha, OR 97007 which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Fredrick S. Carman, 220 NE Third Ave, Hillsboro, OR 97124.

14. Defendant CRIS, INC. is an Oregon Corporation with its principal place of business at 505 Willamette, Umatilla, OR 97882 which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Melvin C. Ray 500 Willamette, Umatilla, OR 97882.

15. Defendant OREGON CREDIT SYSTEMS INCORPORATED is an Oregon corporation with its principal place of business at 1800 Blankenship Rd., Suite 250, West Linn, OR 97068 which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, David Halseth 1800 Blankenship Rd., Suite 250, West Linn, OR 97068.

16. Defendant OREGONIAN PUBLISHING COMPANY is an Oregon Corporation with its principal place of business at 1320 SW Broadway, Portland, OR 97201 which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, D.W. Palmer 1320 SW Broadway, Portland, OR 97201.

17. Defendant PROFESSIONAL CREDIT SERVICES, INC., a corporation of New York and is a foreign corporation with its principal place of business at 500 Bi-County Blvd. #350, Farmingdale, New York, 11735, which at all times material to this action, has been doing

business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, CT Corporation System, 388 State St., Suite 420, Salem, OR 97301.

18. Defendant STUDIO K, LTD. is an Oregon corporation with its principal place of business at 375 High Street SE, Salem, Oregon 97301, which at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Garry R. James, 375 High Street SE, Salem, Oregon 97301.

19. Defendant WESTERN MERCANTILE AGENCY, INCORPORATED is an Oregon corporation with its principal place of business at 165 S. 5th Street, Suite A, Coos Bay, OR 97420 which, at all times material to this action, has been doing business in this District and throughout the State of Oregon. Defendant may be served with process through its registered agent, Patricia A. Webster, 165 S. 5th Street, Suite A, Coos Bay, OR 97420.

## II.

## JURISDICTION AND VENUE

20. This action arises under a federal statute and this Court has jurisdiction pursuant to 18 U.S.C. §2724(a) (conferring jurisdiction on the United States District Court for actions under the DPPA) and 28 U.S.C. §1331 (federal question jurisdiction).

21. Venue is appropriate in this District because certain Plaintiffs, as well as members of the proposed class, are residents of the District and Defendants have committed violations of the DPPA within the District.

### III.

### FACTS APPLICABLE TO ALL COUNTS

22. The DPPA was included as part of omnibus crime legislation passed by Congress in 1993, known as the Violent Crime Control and Law Enforcement Act of 1993. Senator Barbara Boxer – (D-California), one of the DPPA's Senate sponsors, described several well-publicized incidents in which criminals had used publicly available motor vehicle records to identify and stalk their victims. Those incidents included:

   a. the murder of actress Rebecca Schaeffer in California by a man who had obtained Schaeffer's address from California's Department of Motor Vehicles;

   b. home invasion robberies by a gang of Iowa teenagers who identified their victims by copying the license numbers of expensive automobiles and used those license numbers to obtain the addresses of the vehicle owners from the Iowa Department of Transportation; and

   c. the Arizona murder of a woman whose home address was identified from the Arizona Department of Motor Vehicles.

Senator Boxer also explained the ease with which a stalker had obtained the addresses of young women by copying their license numbers and requesting their addresses from the California Department of Motor Vehicles.

23. As Senator Boxer explained, prior to the time of the passage of the DPPA, in "34 States, someone [could] walk into a State Motor Vehicle Department with your license plate number and a few dollars and walk out with your name and home address."

24. Representative Moran, who sponsored the DPPA in the House of Representatives, explained that "very few Americans realize that by registering their car or obtaining a driver's license through the DMV, they are surrendering their personal and private information to anyone who wants to obtain it. When informed that such information can be so easily obtained, most licensees are shocked and angry. According to a survey released by the National Association to

Protect Individual Rights, 92 percent of Americans believe that the DMV should not sell or release personal data about them without their knowledge and approval."

25. As originally enacted in 1993, the DPPA made it unlawful for any person or organization to disclose or obtain personal information derived from any motor vehicle record, unless the subject of the information had authorized such disclosure or the request/disclosure qualified under a recognized exception, including use by any federal or state agency, use in connection with motor vehicle and driver safety, use in court proceedings, use in certain research activities, use relating to certain insurance matters, and use for verification of personal information submitted by the subject of such information. Use of personal information for marketing activities was permitted, so long as the States had provided individuals identified in motor vehicle records with the opportunity to prohibit such disclosures. This "opt out" provision effectively gave individuals the right to prohibit the States from disclosing personal information for marketing purposes. 18 U.S.C. §2721(1993).

26. Congress significantly amended the DPPA in 1999 by eliminating the "opt out" provision for marketing activities. Use or obtaining of personal information contained in motor vehicle records for "surveys, marketing or solicitations" is permitted only "if the State has obtained the express consent of the person to whom such personal information pertains." Similarly, a requester of personal information may obtain such information for any purpose, "if the requester demonstrates if has obtained the express consent of the person to whom such personal information pertains." 18 U.S.C. §2721(b)(13), (14) (1999). By changing the "opt out" exceptions of the 1993 DPPA to "opt in" exceptions in the 1999 DPPA, Congress significantly reduced the categories of persons whose personal information may be lawfully obtained under the Act. *See Reno v. Condon*, 120 S.Ct. 666, 669 (2000) (upholding the constitutionality of the

DPPA) (States may no longer "imply consent from a driver's failure to take advantage of a state-afforded opportunity to block disclosure, but must rather obtain a driver's affirmative consent to disclose the driver's personal information" for restricted purposes.). The effective date of the 1999 amendments to the DPPA was June 1, 2000.

27. Oregon law does not provide for an "opt-in" procedure as described in the 1999 amendments to the DPPA. In fact, Oregon does not obtain express consent from any driver.

28. Instead, the State of Oregon only sells "personal information" from a motor vehicle record to "persons" who claim that they have a lawful purpose for the information (other than for direct or mass marketing).

29. Once a "person," as that term is defined by the DPPA, certifies to the State of Oregon that they have a lawful purpose for *some* personal information and/or have obtained any requisite consent the State of Oregon, through its Department of Licensing, provides that person with a copy of the State's *entire database* of names, addresses and other personal information – millions of persons' personal information.

30. According to the State of Oregon, if a contract is in place, the recipient receives one bulk data file containing all active vehicle records.

31. Each Defendant in this litigation purchased this entire database of names from the State of Oregon. Defendants each have a signed contract with the State of Oregon whereby they claim that they have a proper purpose for obtaining each piece of personal information.

32. The DPPA regulates individual "motor vehicle record[s]." Under a clear reading of the DPPA, a recipient of an individual's "motor vehicle record" must have a current use for that particular record.

33. Defendants, however, cannot and do not have a permissible purpose to obtain all the personal information contained in the State of Oregon's database.

34. Under the DPPA, a "person" who knowingly obtains or discloses "personal information" concerning another without a corresponding use of the data under 18 U.S.C. § 2721(b) "shall be liable to the individual to whom the information pertains." 18 U.S.C. §2724(b).

35. The DPPA provides for liquidated damages in the amount of $2,500.00 for each violation of the DPPA, in addition to punitive damages upon a showing of a willful or reckless disregard of the law, reasonable attorney's fees and costs and other relief, including preliminary and equitable relief. 18 U.S.C. §2724(b). A "person" under the DPPA is defined as "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. §2721(2).

36. As described above, after the effective date of the 1999 amendment to the DPPA (June 1, 2000), the Defendants unlawfully obtained "personal information" of individuals from State of Oregon "motor vehicle records" in violation of the DPPA.

37. Defendants' violations of the DPPA have been committed "knowingly," within the meaning of the DPPA 18 U.S.C. §2724(b). In the context of the DPPA, to act knowingly is to act with knowledge of the facts that constitute the offense. *See, e.g., Bryan v. Unites States*, 524 U.S. 184, 193, 118 S.Ct. 1939, 1946, (1998) ("[U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense."). Defendants, and each of them, knew that it obtained personal information pertaining to individuals from Oregon motor vehicle records.

38. The information obtained by the Defendants from "motor vehicle records" constitutes "personal information" within the meaning of the DPPA, 18 U.S.C. §2725(3).

Defendants' obtaining and/or using such information is unauthorized by the DPPA and, therefore, unlawful. Each record of personal information knowingly obtained from motor vehicle records is a separate and distinct violation of the DPPA, remediable under the DPPA, 18 U.S.C. §2724.

## IV.

## CLASS ACTION ALLEGATIONS

39. Pursuant to Fed. R. Civ. P. 23(b)(3), and 23(b)(2) Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as representatives of the following class (the "Class"):

> Each and every individual whose name, address, driver identification number, race and/or date of birth and/or sex are contained in motor vehicle records obtained by Defendants from the State of Oregon's Department of Licensing, without the express consent of such individuals, from June 1, 2000, through the date of judgment herein.
>
> Excluded from the class are persons who have expressly authorized the State of Oregon's Department of Licensing to provide third parties with their "personal information" for any purpose; those persons whose information was obtained for a permissible purpose defined by the DPPA; all employees, including, but not limited to, Judges, Magistrate Judges, clerks and court staff and personnel of the United States District Courts, the United States Court of Appeals and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit.

40. The requirements of Fed. R. Civ. P. 23 are met in this case. The Class, as defined, is so numerous that joinder of all members is impracticable.

41. There are questions of fact and law common to the Class as defined, which common questions predominate over any questions affecting only individual members. The common questions include:

   a. whether Defendants obtained improperly and/or used "personal information" from the "motor vehicle records" of members of the Class, within the meaning of the DPPA, 18 U.S.C. §2725(3), (1); and,

   b. whether Defendants' obtaining and use of "personal information" from the "motor vehicle records" of members of the Class was done knowingly, within the meaning of the DPPA, 18 U.S.C. §2724(a).

42. Plaintiffs can and will fairly and adequately represent and protect the interests of the Class as defined and have no interests that conflict with the interests of the Class. This is so because:

   a. All of the questions of law and fact regarding the liability of the Defendants are common to the class and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of the Defendants to all class members;

   b. Without the representation provided by Plaintiffs, it is unlikely that any class members would receive legal representation to obtain the remedies specified by the DPPA;

   c. A remedy available under the DPPA is the liquidated sum of $2,500, which Plaintiff intends to seek for all members of the Class; and

   d. Plaintiff has retained competent attorneys who are experienced in the conduct of class actions. Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the class members and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

43. All class members have the same legal rights under the DPPA. Defendants' violations of the DPPA have affected numerous Oregon motor vehicle owners and lessees in a similar way. The class action is superior to any other method for remedying Defendants' violations of the DPPA given that common questions of fact and law predominate and the

liquidated damage provisions of the DPPA make the remedy available to class members identical. Class treatment is likewise indicated to ensure optimal compensation for the Class and limiting the expense and judicial resources associated with thousands of potential claims.

    44.    Defendants knowingly obtained "personal information," pertaining to Plaintiffs and the members of the Class from "motor vehicle records" maintained by the State of Oregon, in violation of the DPPA. 18 U.S.C. §2721 *et seq*. Defendants' obtaining and use of this "personal information" was not for a purpose authorized by the DPPA.

    45.    Pursuant to the DPPA, 18 U.S.C. §2724(a), Defendants are liable for knowingly obtaining "personal information" pertaining to Plaintiffs and the members of the Class from "motor vehicle records," in violation of the DPPA.

    46.    Plaintiffs and the members of the Class have suffered harm as their private information has been obtained unlawfully. In addition to violation of this legally protected right, Plaintiffs and members of the class have suffered harm by virtue of increased risks to them associated with having their protected data in the possession of numerous individuals.

    47.    The violation of Plaintiffs' legally protected interests, and the consequent harm caused thereby, gives them standing to bring this lawsuit. In addition, Plaintiffs and members of the class are entitled to liquidated damages in the amount of $2,500.00 for each instance in which the Defendants violated the DPPA.

WHEREFORE, Plaintiffs demand judgment on his behalf and on behalf of the other members of the Class to the following effect:

    a.    declaring that this action may be maintained as a class action;

    b.    granting judgment in favor of Plaintiffs and the other members of the Class against the Defendants in the amount of $2,500.00 for each instance in which the Defendants obtained, disclosed, or used personal information concerning the Plaintiff and members of the Class;

  c. punitive damages should be the Court find that the Defendants acted in willful or reckless disregard of the DPPA;

  d. requiring the Defendants to destroy any personal information illegally obtained from motor vehicle records; and

  e. such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

*[signature]*

WILLIAM C. CARPENTER JR.,
Oregon State Bar # 90045
wcarpenter@igc.org
Attorney at Law
474 Willamette St. Suite 303
Eugene, Oregon 97401
Phone: (541) 484-4436
Fax: (541)683-1346
Attorney for Plaintiffs

**THE COREA FIRM P.L.L.C.**

Jeremy R. Wilson
Texas Bar No. 24037722
Renaissance Tower
1201 Elm Street, 41st Floor
Dallas, Oregon 75270
Telephone:    214.953.3900
Facsimile:    214.953.3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Oregon 75206
Telephone:    214.522.9999
Facsimile:    214.828.4388

**LAW OFFICES OF JOESPH H. MALLEY**
Joseph H. Malley
Texas Bar No. 12865900
1045 North Zang Boulevard
Dallas, Texas 75208
Ph. (214) 943-6100
Fax (214) 943-6170

*PRO HAC VICE* **APPLICATION PENDING**